**Debra J. WISEMAN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 02–3149.

United States Court of Appeals,
Federal Circuit.

Sept. 6, 2002.

Before NEWMAN, MICHEL, and PROST, Circuit Judges.

PER CURIAM.

Debra J. Wiseman petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming the agency's denial of her application for disability retirement annuity based upon injuries she received during her employment with the United States Postal Service as a part-time, flexible clerk. *Wiseman v. Office of Pers. Mgmt.*, Docket No. CH–844E–01–0215–I–1 (May 2, 2001). Under the Federal Employees' Retirement System, an application for disability retirement may be granted to an eligible employee who has become unable, because of disease or injury, to render useful and efficient service in the employee's position. 5 U.S.C. § 8451(a)(1)(B). It is undisputed that the petitioner was admitted to the hospital on August 14, 1998 and was diagnosed with carbon monoxide exposure. The exposure possibly resulted from defective cleaning equipment temporarily operated at Mrs. Wiseman's workplace. Petitioner argues that she has been permanently disabled as a result of carbon monoxide exposure and is not capable of resuming her employment. The Office of Personnel Management ("OPM") found, however, that the documentation Mrs. Wiseman presented failed to substantiate a disabling medical condition that warranted restrictions from performing critical or essential duties of her position, or warranted exclusion from the workplace. On this basis the OPM denied Mrs. Wiseman's application for disability retirement. On appeal, the Board also found that Mrs. Wiseman had not met her burden to show she was unable to perform useful and efficient service in her position nor had she shown any inability to accommodate her condition.

Under 5 U.S.C. § 8461(d) this court's scope of review is extremely limited. This court is without authority to review the substantive merits of disability determinations, or the factual underpinnings of such determinations. *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). Review is available only to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Id.* (citation omitted). The Petitioner does not raise any issue other than the factual basis of the disability determination. Therefore, since this appeal raises no issue falling within our jurisdiction, we must *dismiss*.